**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HERBERT CORSEY, III**<br>6506 Lansdowne Avenue<br>Philadelphia, PA 19151<br><br>*Plaintiff*<br>v.<br><br>**UNITED STATES OF AMERICA**<br>615 Chestnut Street, Suite 1250<br>Philadelphia, PA 19106<br><br>*Defendant* | **CASE NO.: ________________**<br><br>**CIVIL ACTION**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Herbert Corsey III, by and through his undersigned counsel, brings this action against the United States of America under the Federal Tort Claims Act, and avers as follows:

## I. PARTIES AND JURISDICTIONAL FACTS

1. Plaintiff, Herbert Corsey III (hereinafter "Mr. Corsey"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing in Philadelphia, Pennsylvania.

2. Defendant is the United States of America (hereinafter the "United States"). At all times relevant hereto, the United States, acting through the United States Department of Veterans Affairs, owned, operated, controlled, and staffed the Corporal Michael J. Crescenz Department of Veterans Affairs Medical Center, located at 3900 Woodland Avenue, Philadelphia, Pennsylvania 19104 (the "VA Medical Center").

3. At all times relevant hereto, the physicians, residents, nurses, therapists, technicians, and other medical and ancillary personnel who provided care and treatment to Mr. Corsey at the VA Medical Center were employees of the United States acting within the scope of their office and employment.

4. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671–2680 (the "FTCA").

5. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1), because this is a civil action against the United States for money damages for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the scope of their office and employment, under circumstances where the United States, if a private person, would be liable to Mr. Corsey in accordance with the law of the Commonwealth of Pennsylvania, the place where the acts and omissions occurred.

6. The United States is the sole proper defendant. Pursuant to 28 U.S.C. § 2679(b)(1), the remedy against the United States provided by the FTCA is exclusive of any other civil action for money damages against the employees of the Government whose acts or omissions gave rise to Mr. Corsey's claims.

7. Mr. Corsey has satisfied all conditions precedent to this action, including the presentment and exhaustion requirements of 28 U.S.C. § 2675(a). On December 1, 2025, Mr. Corsey presented an administrative tort claim to the U.S. Department of Veterans Affairs, the appropriate federal agency, by submitting an executed Standard Form 95 setting forth his claim in a sum certain of $5,000,000.00 arising from the care and treatment described in this Complaint.

8. More than six (6) months have elapsed since Mr. Corsey presented his administrative claim, and the Department of Veterans Affairs has failed to make a final disposition of the claim within six months of its filing, which Mr. Corsey deems a final denial pursuant to 28 U.S.C. § 2675(a).

9. This action is timely commenced within the limitations period prescribed by 28 U.S.C. § 2401(b), and Mr. Corsey does not seek in this action a sum in excess of the amount of

the administrative claim presented to the agency, consistent with 28 U.S.C. § 2675(b).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b), because Mr. Corsey resides in this judicial district and the acts and omissions complained of occurred in this judicial district.

11. At all relevant times, Mr. Corsey relied on the knowledge, care, skill, treatment and advice of the employees of the United States in connection with the medical care and treatment provided to him.

## II. OPERATIVE FACTS COMMON TO ALL COUNTS

12. Mr. Corsey, a right-hand-dominant man born January 29, 1949, had a documented history of recurrent hypomagnesemia for which he received intravenous magnesium sulfate on multiple prior occasions without complication or injury.

13. On December 17, 2024, Mr. Corsey presented to the emergency department of the VA Medical Center with acute kidney injury, hyperkalemia, and hypomagnesemia.

14. Employees of the United States ordered treatment consisting of intravenous normal saline, two grams of intravenous magnesium sulfate, calcium gluconate, insulin, dextrose, and Lokelma, and placed a peripheral intravenous catheter in Mr. Corsey's right arm to administer these fluids and medications.

15. While fluids and medication were being infused, the intravenous line in Mr. Corsey's right arm infiltrated and/or extravasated, such that fluid and medication were delivered into the muscle and soft tissue of the right arm rather than into the vein.

16. Mr. Corsey complained of intense pain at the infusion site and thereafter developed significant swelling extending from the medial biceps to the proximal forearm of the right arm.

17. Shortly thereafter, Mr. Corsey developed numbness of the right thumb, index, middle, and ring fingers, and weakness of the right hand such that he was unable to move his fingers or write.

18. The VA Medical Center's own discharge summary attributes the injury to the intravenous administration, advising Mr. Corsey that he "developed right arm pain, right hand weakness and numbness," and that this "was due to IV placement and some of the medications you were given went into the muscle/soft tissue as opposed to the vein."

19. Vascular surgery was consulted to rule out compartment syndrome, and a duplex ultrasound of the right upper extremity showed patent vessels with no hematoma, pseudoaneurysm, or fluid collection.

20. Neurology was consulted and diagnosed a proximal right median neuropathy likely related to the intravenous infiltration, with weakness of finger flexion and thumb abduction and decreased sensation in the right first through fourth digits.

21. A subsequent nerve conduction study confirmed a severe proximal right median nerve injury, with absent median motor and sensory responses and severe denervation, and resulted in a referral for possible nerve surgery.

22. As a direct and proximate result of the negligence of employees of the United States, Mr. Corsey sustained a permanent iatrogenic median nerve injury to his right, dominant arm and hand, and was caused to suffer the injuries and damages described below, due in no manner whatsoever to any act or failure to act on his part.

## FIRST CAUSE OF ACTION
## PLAINTIFF v. UNITED STATES OF AMERICA

23. Plaintiff hereby incorporates the preceding paragraphs as if the same were set forth more fully at length herein.

24. As a direct and proximate result of the carelessness and negligence of the United States, by and through its employees, Mr. Corsey suffered the following injuries and damages, including but not limited to:

a. severe, permanent, proximal right median nerve injury;

b. loss of sensation in the right thumb, index, middle, and ring fingers;

c. loss of motor function and movement in the right hand and fingers;

d. permanent weakness of the right hand, with severely diminished grip and pinch strength;

e. ongoing physical limitations;

f. muscle atrophy of the right hand;

g. chronic nerve pain;

h. chronic, severe, burning, and neuropathic pain extending from the right hand to the elbow;

i. numbness, tingling, and paresthesia;

j. swelling and edema of the right upper extremity;

k. loss of use of the right, dominant hand and arm;

l. loss of protective sensation and impaired two-point discrimination;

m. the need for splinting, physical therapy, occupational therapy, narcotic and neuropathic pain medication, and future surgery;

n. pain and suffering;

o. embarrassment;

p. humiliation;

q. loss of life's pleasures;

r. past and future medical expenses;

s. past and future lost earning capacity; and

t. incidental and other expenses.

**COUNT I – NEGLIGENCE (MEDICAL AND NURSING)**
**PLAINTIFF v. UNITED STATES OF AMERICA**

25. Plaintiff hereby incorporates the preceding paragraphs as if the same were set forth more fully at length herein.

26. At all times relevant hereto, the employees of the United States who cared for Mr. Corsey owed him a duty to exercise the degree of skill and care ordinarily exercised by reasonably prudent medical and nursing professionals under like circumstances.

27. The injuries to Mr. Corsey were the direct result of the carelessness and negligence of the employees of the United States, for which the United States is liable, which consisted of the following:

a. failing to properly assess and select an appropriate vein for intravenous access in Mr. Corsey's right arm;

b. improperly placing and/or securing the peripheral intravenous catheter in Mr. Corsey's right arm;

c. administering and/or infusing intravenous magnesium sulfate and other fluids and medications into the muscle and soft tissue of the right arm rather than into the vein as described throughout the Complaint;

d. allowing the intravenous line to infiltrate and/or extravasate into the surrounding muscle and soft tissue as described throughout this Complaint;

e. failing to properly and continuously monitor the intravenous site for signs of infiltration or extravasation;

f. failing to timely recognize the infiltration and/or extravasation of the intravenous line;

g. failing to promptly discontinue the infusion upon Mr. Corsey's complaints of pain at the intravenous site;

h. continuing to administer fluids and/or medication after signs and symptoms of infiltration were present;

i. failing to appreciate the clinical significance of Mr. Corsey's complaints of pain, swelling, numbness, weakness, and tingling of the right arm and hand;

j. failing to use proper technique in the administration of intravenous magnesium sulfate;

k. failing to obtain vascular surgery and neurology consultation and appropriate diagnostic studies;

l. causing a median nerve injury to Mr. Corsey's right, dominant arm and hand;

m. failing to accurately and consistently document the site, route, and administration of the intravenous magnesium sulfate and fluids;

n. failing to properly supervise and/or instruct the nursing and ancillary staff as described throughout this Complaint;

o. failing to properly treat Mr. Corsey’s median nerve injury as described throughout this Complaint;

p. failing to conform to the accepted standards of care in the placement, monitoring, and administration of intravenous therapy as described throughout this Complaint; and

q. failing to provide proper follow-up care and instructions.

28. The carelessness and negligence of the employees of the United States, for which the United States is liable under the FTCA and the law of the Commonwealth of Pennsylvania, increased the risk of harm to Mr. Corsey and was the direct, proximate, and factual cause of his injuries, pain, suffering, and damages as set forth above.

**WHEREFORE**, Plaintiff, Herbert Corsey III, demands judgment against Defendant, the United States of America, for compensatory damages in an amount not exceeding the sum certain presented in his administrative claim, together with costs and such other relief as the Court deems just and proper, exclusive of interest prior to judgment and exclusive of punitive damages, as provided by 28 U.S.C. § 2674.

**COUNT II – CORPORATE NEGLIGENCE**
**PLAINTIFF v. UNITED STATES OF AMERICA**

29. Plaintiff hereby incorporates the preceding paragraphs as if the same were set forth more fully at length herein.

30. Because the United States is liable under 28 U.S.C. § 2674 in the same manner and to the same extent as a private individual, including a private hospital, under like circumstances, the United States, as the operator of the VA Medical Center, owed Mr. Corsey the direct and non-delegable duties recognized under Pennsylvania law in *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991), and its progeny.

31. Those duties consisted of: (1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain only competent physicians and staff; (3) a duty to oversee all persons who practice medicine within its walls as to patient care; and (4) a duty to formulate, adopt, and enforce adequate rules and policies to ensure quality care for its patients.

32. The United States, through the VA Medical Center, breached these direct and non-delegable duties, which breach consisted of the following:

a. failing to have physicians, nurses, and other staff appropriate in number, training, and experience to safely place, monitor, and administer intravenous therapy;

b. failing to select, retain, and appropriately train competent staff to administer and monitor intravenous therapy;

c. failing to oversee all persons who practiced medicine and nursing within its walls to ensure that intravenous therapy was safely administered and monitored;

d. failing to formulate, adopt, and enforce adequate policies and procedures regarding:

   1. the placement, securement, and monitoring of peripheral intravenous lines;
   2. the recognition, prevention, and management of intravenous infiltration and extravasation;
   3. the safe administration of intravenous magnesium sulfate and other irritant or vesicant medications;
   4. neurovascular assessment;
   5. supervision of nursing and ancillary staff;
   6. timely consultation of specialists;
   7. pain management; and
   8. the accurate and consistent documentation of the site, route, and administration of medications.

e. failing to use reasonable care in the maintenance of safe and adequate facilities and equipment for the administration of intravenous therapy;

f. failing to ensure that its physicians, nurses, and other staff were aware of, trained on, and followed policies and procedures regarding intravenous therapy and the recognition and management of infiltration and extravasation; and

g. failing to maintain accurate and consistent medical records, as evidenced by internally inconsistent documentation of the date and laterality of Mr. Corsey's injury.

33. The corporate and institutional negligence of the United States, through the VA Medical Center, increased the risk of harm to Mr. Corsey and was the direct, proximate, and factual cause of his injuries, pain, suffering, and damages as set forth above.

**WHEREFORE**, Plaintiff, Herbert Corsey III, demands judgment against Defendant, the United States of America, for compensatory damages in an amount not exceeding the sum certain presented in his administrative claim, together with costs and such other relief as the Court deems just and proper, exclusive of interest prior to judgment and exclusive of punitive damages, as provided by 28 U.S.C. § 2674.

**FRIEDMAN SCHUMAN LAYSER, P.C.**

Date: November 24, 2026 By: ______________________

Derek R. Layser (Atty I.D. No.: 54938)
Jacqueline M. Reynolds (Atty I.D. No.: 79769)
Caitlin Dryden Groeber (Atty I.D. No.: 330363)
275 Commerce Drive, Suite 210
Fort Washington, PA 19034
P: 215-3690-3817/3803/3807
E: dlayser@fsalaw.com
E: jreynolds@fsalaw.com
E: cdryden@fsalaw.com
*Attorneys for Plaintiff*

**CERTIFICAITON**

Under Federal Rule of Civil Procedure 11, by signing below, I, Derek R. Layser, attorney for Plaintiff, certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**FRIEDMAN SCHUMAN LAYSER, P.C.**

Date: November 24, 2026 By: ______________________

Derek R. Layser (Atty I.D. No.: 54938)
275 Commerce Drive, Suite 210
Fort Washington, PA 19034
P: 215-690-3817
E: dlayser@fsalaw.com
*Attorney for Plaintiff*